131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TOMAS SILVA MALEON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70832.
 United States Court of Appeals, Ninth Circuit.
 Submitted December 2, 1997** Pasadena, California
Decided Dec. 4, 1997.
 
 Before: HALL, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tomas Silva Maleon, a Philippine national, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from an immigration judge's denial of his application for asylum and withholding of deportation. We deny the petition.
 
 
 3
 * Maleon argues that he established a well-founded fear of future persecution on account of his status as a former police officer.[1] We disagree.
 
 
 4
 * The Attorney General has discretion to grant asylum to an applicant who is unwilling to return to his native country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. We review for legal error the determination of the BIA that Maleon was not eligible for asylum, but "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B) (1996).
 
 
 5
 When as here, the BIA had independently reviewed the record, our review is of the Board's decision. See, e.g., Rodriguez-Rivera v. INS, 848 F.2d 998 9th Cir.1988). We will reverse the BIA's decision "only if the evidence presented to the Board was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Abedini v. INS. 971 F.2d 188, 191 (9th Cir.1992) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).
 
 B
 
 6
 Maleon argues that the BIA erred in concluding that Maleon, like the petitioner in Matter of Fuentes, 19 I & N Dec. 658 (BIA 1988), failed to demonstrate that former policemen constitute a particular social group in the Philippines, that political opinions are imputed to them, or that such ex-officers have a well-founded fear of persecution on account of their status as former policemen. The BIA in Fuentes held that in certain circumstances, former members of a police force could be considered a particular social group subject to persecution. 19 I & N Dec. at 662. The record, however, does not compel a conclusion different than the BIA's determination that Maleon has failed to demonstrate how his circumstances warrant the grant of asylum under Fuentes.
 
 
 7
 Maleon's evidence does not show that former police officers in the Philippines fear persecution from a hit squad within the new People's Army (NPA) known as Alex Boncayao Brigade (ABB). The newspaper articles and affidavits that he submitted to the IJ and BIA focus only on (1) the threats to Maleon while he was police officer, or (2) the dangers of being an active police officer combatting NPA hit squads. This evidence does not support Maleon's contention that former police officers are a social group subject to ABB persecution. See also Arriaga-Barrientos v. INS, 937 F.2d 411 (9th Cir.1991) (holding that the Guatemalan military is not a social group qualifying its former servicemen for asylum eligibility).
 
 
 8
 Furthermore, Maleon testified that the ABB has ambushed two of his former colleagues on the police force, killing one man and severely injuring the other. Both men had participated with Maleon in a September 1990 raid in which an ABB leader was killed. Both men, however, were still policemen when the ABB attacked them; indeed, both were ambushed while on their way to work. Maleon's testimony, though found credible by the IJ, thus only shows that Maleon's colleagues have been attacked in the direct course and scope of their duties as active, and not former, police officers. At best, Maleon's testimony and other evidence shows that the ABB may have a personal vendetta against him for his part in the killing of one of their leaders, but this evidence does not show that former police officers are a social group persecuted by the ABB. See also Arriaga-Barrientos, 937 F.2d at 414 (noting that governmental efforts to quell violence within country does not subject entire military establishment to status-based persecution).
 
 
 9
 Finally, we agree with the BIA that the newspaper article pertaining to the death of Major Pring is insufficient to meet Maleon's burden in this action. It is not clear from the article or Maleon's testimony regarding thae death of Pring whether Pring was a former or active police official, whether he was killed on account of being a police official or for other reasons, or whether the facts surrounding Pring's death are even similar to Maleon's circumstances. We cannot say that this article, as well as the other articles, the affidavits, and Maleon's own testimony, compel a fining that the ABB or NPA persecutes former policemen or that Maleon has a well-founded fear of persecution based on his status as a former policemen. Elias-Zacarias, 502 U.S. at 483-84.
 
 II
 
 10
 Maleon contends that the BIA abused its discretion by placing too great an emphasis on the State Department's Advisory opinion on current conditions in the Philippines. We have already rejected a similar claim in Ghaly v. INS, 58 F.3d 1425, 1429-30 (9th Cir.1995), where we held that the BIA may rely on State Department opinions, the BIA may weigh this evidence against other evidence submitted by the petitioner, and the BIA need not explain the weight accorded these opinions so long as it provides "comprehensible reason[s] for its decision sufficient for us to conduct our review and to be assured that the petitioner's case received individualized attention. "
 
 
 11
 In this case, the BIA properly weighed the State Department's conclusion that the NPA as a whole "is not able to carry out threats throughout the country" and that "its diminishing size and resources further limit its ability to carry out threats" against Maleon's evidence. Based on this evidence and Maleon's own evidence, the BIA concluded that Maleon failed to show that he has a well-founded fear of persecution on account of his status as a former policeman. We see no abuse of discretion in the BIA consideration of this evidence, nor does this evidence compel a conclusion other than the one reached by the BIA.
 
 III
 
 12
 As Maleon has failed to satisfy the burden of proof required for asylum, he has necessarily failed to satisfy the higher burden of proof required for withholding of deportation. See, e.g., Cuadras v. INS, 910 F.2d 567, 572 (9th Cir.1990) (stating that an alien's burden of proof for withholding of deportation is "much greater" than for eligibility for asylum).
 
 
 13
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds that case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Maleon does not contest the IJ's and the BIA's decision that Maleon had failed to demonstrate past persecution on account of his status as a police officer. We therefore deem this issue abandoned